# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHNNY THORNTON** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 19-12287** |
| **COREY LYMOUS et al.** | **SECTION: "G" (3)** |

## ORDER

Plaintiff Johnny Thornton ("Plaintiff") filed a complaint on August 25, 2019 alleging that Defendants Corey Lymous ("Lymous") and the City of New Orleans ("the City") (collectively, "Defendants") violated several of Plaintiff's constitutional rights due to a wrongful arrest.[1] Before the Court is Defendants' first "Motion to Dismiss."[2] On October 23, 2019, Defendants filed the instant motion pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] On December 14, 2019, the Court held oral argument on the instant motion.[4] During oral argument, Plaintiff requested leave to amend the Complaint. Defendants explicitly stated that they did not object to Plaintiff amending the Complaint. On December 18, 2019, Plaintiff filed a "First Supplemental and Amending

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 12. Lymous brings the motion in his individual and official capacity as a New Orleans police officer.

[3] Rec. Doc. 12-1.

[4] Rec. Doc. 21.

1

Complaint."[5] On January 2, 2020, Defendants filed a second "Motion to Dismiss" in order to address the Amended Complaint.[6]

Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending.[7] Many district courts—including this Court—routinely deny as moot any motion to dismiss that is filed prior to an amendment of a complaint.[8] Although courts may address the merits of a motion to dismiss after an amended complaint is filed, as a general rule, "if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint."[9]

The instant motion states that Plaintiff failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[10] Plaintiff has filed an amended complaint to clarify his claims and

---

[5] Rec. Doc. 23.

[6] Rec. Doc. 25.

[7] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[8] *See Athletic Training Innovations, LLC v. eTagz, inc.,* No. 12-2540, 2013 WL 360570, at *3 (E.D. La 2013) (Brown, J.); *see also, e.g.*, *Lee v. Ability Ins. Co.*, No. 12-17, 2012 WL 3186270, at *1 (S.D. Miss. 2012) ("The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint, which is no longer the operative pleading."); *Abb, Inc, v. Reed City Power Line Supply Co*., 2007 WL 2713731, at *1 (W.D. Mich. 2007) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."). *But see Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'") (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *Patton Elec. Co., Inc, v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556–58 (2d ed. 1990)).

[9] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[10] Rec. Doc. 12-1.

provide additional facts to support those claims.[11] Further, Defendants have recently filed a second motion to dismiss, which responds directly to the Amended Complaint.[12] Therefore, the Court concludes that applying the pending motion to the Amended Complaint would cause confusion and detract from the efficient resolution of the issues. Accordingly,

**IT IS HEREBY ORDERED** that Cory Lymous and the City of New Orleans's first "Motion to Dismiss"[13] is **MOOT**.

**NEW ORLEANS, LOUISIANA**, this  19th  day of February 2020.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[11] Rec. Doc. 23.

[12] Rec. Doc. 25.

[13] Rec. Doc. 12.